IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| DAWSON ESTATE, *et al*. § | |
| § | CASE NO. 6:18-cv-550 |
| § | |
| vs. § | |
| § | |
| § | |
| § | |
| KELCY L. WARREN, *et al*. § | |
| § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiffs Dawson Estate and Sheik Tehuti, proceeding *pro se*, filed this lawsuit against Michael Hennigan, Kelcy Warren, and Michael Wirth, in their official capacities as the Chief Executive Officers of Sunoco Pipeline, West Texas Gulf Pipeline and Energy Transfer, and Chevron Pipeline, respectively. Plaintiff Sheik Tehuti is proceeding *in forma pauperis*. The matter is referred to the undersigned for all pretrial matters in accordance with 28 U.S.C. § 636. Having considered the filings, the Court recommends that Defendant's Motion to Dismiss (ECF 19) be granted and that the complaint be **DISMISSED**.

### BACKGROUND

Plaintiffs Dawson Estate and Sheik Tehuti filed this lawsuit on October 18, 2018, asserting federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 18 U.S.C. § 1964. Plaintiffs complain that a pipeline runs across their property, but they have not received lease payments. They also allege unspecified damage to property without compensation.

After reviewing the original complaint, the Court determined that Plaintiffs failed to allege sufficient facts to support the elements of a RICO claim or show that Plaintiff Dawson

Estate is a legal entity entitled to maintain a lawsuit pursuant to FED. R. CIV. P. 17. Plaintiffs were ordered to file an amended complaint addressing these deficiencies. Plaintiff Sheik Tehuti then filed six pleadings: (1) "Plaintiff Request for Default Judgment by the Clerk of the Court" (ECF 10); (2) "Plaintiff's Civil RICO Case Statement" (ECF 13); (3) "Plaintiff's Motion for Production of Intrinsic Documents" (ECF 14); (4) Affidavit (ECF 15); (5) "Plaintiff's Application for Temporary Restraining Order with Equitable Relief and Order to Show Cause Why a Preliminary Injunction Should be Issued" (ECF 17); and (6) "Plaintiff Request for Default Judgment for Non Response to RICO Complaint" (ECF 18).

Plaintiff's Civil RICO Case Statement (ECF 13), is construed as an amended complaint. The pleading removes Dawson Estate as a plaintiff and is filed only on behalf of Sheik Tehuti ("Plaintiff"). The defendants are listed as Sunoco Pipeline CEO Michael J. Hennigan, West Texas Gulf Pipeline CEO Kelcy L. Warren, Chevron CEO Michael L. Wirth, Energy Transfer CEO Kelcy L. Warren, and Royall Watkins ("Defendants"). Plaintiff refers to Defendants as "racketeers" and alleges that they violated RICO laws. Plaintiff contends that Defendants "participated in the conduct filing fraudulent Railroad Commission Permits" and that their "participation was through a pattern of racketeering activities resulting in injury to the property and business interests of [Plaintiff]."[1] Plaintiff refers to himself as the "Compliance Overseer."[2] He alleges that Defendants implemented a scheme through mail fraud and the filing of fraudulent documents with the Railroad Commission to hold themselves out as lessors and lessees of the property since the death of Royall Watkins in 1953. Plaintiff asserts that Defendants "devised, implemented and coordinated a fraudulent scheme to extort millions of dollars from the homestead of the Dawson Estates property through pipeline transportation that falsely trespassed

---

[1] *See* Amended Complaint, ECF 13, at *2.
[2] *Id.*

without consideration for use of the easement [causing] damages defrauding Dawson Estates of business and property interest."[3] Plaintiff then lists permit numbers with dates between 1977 and 2004 and purported requests to renew permits with the Railroad Commission by Sunoco Pipeline between 2004 and 2012.[4]

In his requests for default judgment (ECF 10 and 18), Plaintiff states that he is seeking a default judgment pursuant to FED. R. CIV. P. 55 for each defendant's alleged failure to respond following service of the complaint. Plaintiff attached receipts for mailing certified mail to Michael Hennigan and Michael Wirth, but he did not attach signed return receipts. The only signed return receipt submitted by Plaintiff with the motion for default is for certified mail sent to the deceased defendant, Royall Watkins, that is signed by Barbara Gross. Plaintiff additionally attached a letter from the State of Texas Secretary of State stating that a copy of the complaint was received and forwarded to Kelcy Warren.

Defendants Warren and Hennigan filed a Motion to Dismiss and Objections and Opposition to Plaintiff's Motion for Default Judgment and for TRO (ECF 19). Defendants assert that they have not been properly served. Defendants submit that Plaintiff failed to request a summons and did not attempt to serve a summons with a copy of the complaint as required by FED. R. CIV. P. 4(c)(1). Further, Plaintiff has not provided proof of service on either defendant and neither defendant has designated the secretary of state as a default agent for service of process.

With regard to the merits of the pleadings, Defendants assert that Plaintiff's amended complaint, like his original complaint, fails to allege sufficient facts to state a RICO claim. The pleading does not identify facts to show a pattern of racketeering activity, facts sufficient to

---
[3] *Id.* at *4.
[4] *Id.* at *5–8.

support Plaintiff's allegations of fraudulent activity, or facts that would support a finding of a cognizable RICO enterprise. Moreover, Defendants submit that any RICO claim asserted by Plaintiff is barred by a four-year statute of limitations. Defendants submit that Plaintiff asserted a similar theory in a 2013 bankruptcy adversary proceeding. As a result, Plaintiff knew of his alleged injury no later than 2013 and failed to timely seek relief.

In response to the motion to dismiss, Plaintiff filed a Motion to Strike (ECF 21). Plaintiff argues that Defendants defaulted by failing to timely respond to the original complaint. He also asserts that the attorney who filed the motion to dismiss on behalf of Defendants Warren and Hennigan has not made an appearance in this case. Plaintiff submits that counsel conspired with the defendants to deprive him of his rights. Plaintiff contends that his RICO claim is not subject to a heightened pleading standard applicable to claims of fraud and that his pleadings are sufficient because they state that "defendants committed or aided and abetted two or more acts of fraud which were part of a pattern[] of racketeering activity by direct participants in an enterprise affecting interstate commerce and that they were injured in their property and business interests."[5] Plaintiff asserts that he articulated a financial injury and that establishes causation.

## LEGAL STANDARD

*Motion to Dismiss*

Defendants assert that Plaintiff failed to plead a cognizable federal claim, resulting in a lack of subject matter jurisdiction. Defendants' motion challenges the sufficiency and viability of Plaintiff's RICO claim and is, therefore, construed as a motion to dismiss for failure to state a claim upon which relief may be granted pursuant to FED. R. CIV. P. 12(b)(6). When considering a Rule 12(b)(6) motion to dismiss, the court must accept all well-pleaded facts as true and view

---

[5] *See* Motion to Strike, ECF 21, at *6.

those facts in the light most favorable to the plaintiff. *Bustos v. Martini Club, Inc*., 599 F.3d 458, 461 (5th Cir. 2010); *Ballard v. Wall*, 413 F.3d 510, 514 (5th Cir. 2005).

A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). To survive a Rule 12(b)(6) motion to dismiss, a complaint must include facts that "raise a right to relief above the speculative level," and into the "realm of plausible liability." *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 127 S.Ct. 1955, 1965 and 1966 n.5 (2007). The complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Although detailed factual allegations are not necessary, a "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 1964-65 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932 (1986)). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.' " *Id*. at 1950 (quoting FED. R. CIV. P. 8(a)(2)).

Defendants additionally seek dismissal for improper service pursuant to FED. R. CIV. P. 12(b)(5). The burden is on the party making service, the plaintiff in this case, to demonstrate valid service. *Carimi v. Royal Caribbean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992). In its discretion, the Court may quash service and dismiss without prejudice all claims against improperly served defendants. *Lucky v. Haynes*, 2013 WL 3054032, at *2 (N.D.Tex. June 18, 2013) (citing *Gartin v. Par Phar. Cos., Inc*., 289 Fed.Appx. 688, 691–92 (5th Cir. 2008)).

*Default Judgment*

Plaintiff asserts that he is entitled to a default judgment. Rule 55(a) provides that the Clerk shall enter a party's default when a defendant fails to "plea or otherwise defend" a lawsuit. FED. R. CIV. P. 55(a). After a default is entered, "the plaintiff's well-pleaded factual allegations are taken as true, except regarding damages." *U.S. for Use of M-CO Const., Inc. v. Shipco General, Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987).

Default judgments are disfavored and entry of default is within the Court's discretion. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). "Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). Relevant factors to be considered by the court include, "whether material issues of fact are at issue, whether there has been substantial prejudice, whether the grounds for default are clearly established, whether the default was caused by a good faith mistake or excusable neglect, the harshness of a default judgment, and whether the court would think itself obliged to set aside the default on the defendant's motion." *Lindsey v. Prive Corp.*, 161 F.3d at 893.

**ANALYSIS**

Defendants assert that they were not properly served. "In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350, 119 S. Ct. 1322 (1999). Pursuant to FED. R. CIV. P. 4(c)(1), "[a] summons must be served with a copy of the complaint" and "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)." Plaintiff does not

dispute that he did not request or receive summons from the Clerk. As a result, any service initiated by Plaintiff in this case was not in compliance with Rule 4(c)(1).

Even if Plaintiff had included summons, Plaintiff has not met his burden of showing valid service. Plaintiff did not submit proof of service received by any defendant. To the extent Plaintiff sent a copy of the complaint to the secretary of state for service on Kelcy Warren, Plaintiff has not shown that the secretary of state is a designated agent to receive service of process on her behalf. Notably, the address provided for Kelcy Warren is in Dallas, Texas. While Texas law provides avenues for substituted service on the secretary of state for certain non-residents, there is no showing that Kelcy Warren is a non-resident. *See* TEX. CIV. PRAC. & REM. CODE § 17.044(b).

Defendants in this case have not been properly served. Absent proper service of process, the Court lacks personal jurisdiction over the defendants and a default judgment would be void and improper. *Walters v. Dixon Correctional Institute*, 188 Fed.Appx. 232, 233 (5th Cir. 2006). Accordingly, Plaintiff's requests for default judgment cannot be granted.

Moreover, even if Plaintiff could cure his service defects, he has not stated a claim upon which relief may be granted. As a *pro se* litigant, Plaintiff was given an opportunity to amend his complaint to provide sufficient facts to state a claim. Plaintiff responded with conclusory allegations that the defendants are "racketeers" who engaged in "a pattern of racketeering activities resulting in injury to property and business interests."[6] A RICO claim requires a showing of (1) a person who engages in (2) a pattern of racketeering activity, (3) connected to the acquisition, establishment, conduct, or control of an enterprise. 18 U.S.C. § 1962(c) and (d). To establish RICO liability, a plaintiff must show that there is a pattern of racketeering activity, as opposed to just a single, otherwise lawful transaction. *Word of Faith World Outreach Ctr.*

---
[6] *See, e.g.,* Amended Complaint, ECF 13, at *2.

*Church v. Sawyer*, 90 F.3d 118, 123 (5th Cir. 1996). Plaintiff relies only on conclusory allegations and does not provide facts that would support the elements of a RICO claim. Plaintiff's conclusory allegations are insufficient to state a plausible RICO claim. *See Abraham v. Singh*, 480 F.3d 351, 357 (5th Cir. 2007).

Importantly, Plaintiff's RICO claims are also barred by the applicable statute of limitations. A four-year limitations period applies to civil RICO claims. *Agency Holding Corp. v. Malley-Duff & Associates, Inc.*, 483 U.S. 143, 156, 107 S.Ct. 2759 (1987). The limitations period begins to run when a plaintiff "knew or should have known of his injury." *Rotella v. Wood*, 528 U.S. 549, 553, 555–58 (2000). Plaintiff did not respond to Defendant's assertion that his RICO claims are barred by the statute of limitations and he has not stated when he discovered his injury. Defendants point out that Plaintiff previously alleged the same facts during the course of adversary proceedings. *See Tehuti v. Energy Transfer*, Adv. No. 13-03162-sgj (Bankr. N.D.Tex. 2013); *Tehuti v. West Texas Gulf Pipeline Company*, Adv. No. 13-03165-sgj (Bankr. N.D.Tex. 2013). Plaintiff knew or should have known of the alleged injury to his property in 2013, but did not file the present lawsuit until 2018. Plaintiff's RICO claims are barred by the statute of limitations.

Plaintiff has not stated a claim upon which relief may be granted. The complaint is frivolous in that it lacks any basis in law and fact and it should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). For these reasons, Plaintiff's motions seeking a default judgment and a temporary restraining order should be denied.

## RECOMMENDATION

It is **RECOMMENDED** that Defendants' Motion to Dismiss (ECF 19) be granted and that the complaint be **DISMISSED** with prejudice for failure to state a claim upon which relief

may be granted. 28 U.S.C. § 1915(e)(2)(B). It is further **RECOMMENDED** that Plaintiff's Motions for Default Judgment (ECF 10 and 18) and Motion for Temporary Restraining Order (ECF 17) be **DENIED**.

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b). The written objections shall not exceed eight pages. *See* Local Rule CV-72(c).

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after service shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Assn.*, 79 F.3d 1415, 1430 (5th Cir.1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

So ORDERED and SIGNED this 20th day of August, 2019.

*K. Nicole Mitchell*
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE