UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:18-cv-00550

**Dawson Estate et al.,**
*Plaintiffs,*

v.

**Kelcy L. Warren et al.,**
*Defendants.*

Before BARKER, *District Judge*

## ORDER

This case was originally filed by pro se plaintiffs Dawson Estate and Sheik Tehuti. An amended complaint omitted Dawson Estate as a plaintiff, leaving Sheik Tehuti as the sole plaintiff. Doc. 13. Plaintiff seeks relief pursuant to 18 U.S.C. § 1964 for alleged RICO violations and has since filed a motion for temporary restraining order (Doc. 17) and motions for default judgment (Docs. 10 and 18). Defendants Kelcy Warren and Michael Hennigan filed a motion to dismiss and opposition to the motion for temporary restraining order and motion for default judgment. Doc. 19. The case was referred to United States Magistrate Judge K. Nicole Mitchell pursuant to 28 U.S.C. § 636.

The magistrate judge issued a report, Doc. 23, finding that defendants have not been properly served, plaintiff is not entitled to a default judgment, plaintiff's conclusory allegations are insufficient to state a plausible RICO claim, and plaintiff's RICO claims are barred by the applicable statute of limitations. The report concludes that defendants' motion to dismiss is properly granted and that complaint should be dismissed with prejudice for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B). The report additionally concludes that the court should deny

the motions for default judgment and a temporary restraining order.

Plaintiff filed written objections to the report. Docs. 32 and 33. Plaintiff did not file "specific written objections to the proposed findings and recommendations," as contemplated by Rule 72(b)(2), but instead asserts that the magistrate judge improperly ruled on his case without his consent. Plaintiff is thus entitled to de novo review only on that subject. And plaintiff misunderstands the referral to the magistrate judge. The case was referred to the magistrate judge to address all pretrial matters to the full extent of 28 U.S.C. § 636(b). Consistent with § 636(b)(1), the magistrate judge entered proposed findings and recommendations on the motions to dismiss, for a default judgment, and for a temporary restraining order, and the magistrate judge afforded plaintiff an opportunity to file written objections. That referral is not governed by Rule 73 and does not require a party's consent.

As to the substance of Judge Mitchell's findings, the court finds no clear error, abuse of discretion, or legal conclusions contrary to law. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). In contravention of Local Rule CV-72(c), which limits objections to eight pages, plaintiff responded to the magistrate judge's report by filing seven additional documents totaling 103 pages, reurging his claims and his requests for default judgment and temporary restraining order. Docs. 24, 25, 26, 27, 28, 30, 34, and 35. It is proper to disregard those filings as in violation of the local rules. But even considering those filings in the alternative, none of them challenge the report's findings that defendants have not been properly served, plaintiff is not entitled to a default judgment, plaintiff's conclusory allegations are insufficient to state a plausible RICO claim, and plaintiff's RICO claims are barred by the applicable statute of limitations.

For the foregoing reasons, the court overrules the objections and adopts the magistrate judge's report. Defendants'

motion to dismiss (Doc. 19) is **granted**, and the court **denies** plaintiff's motions for default judgment (Docs. 10 and 18) and motion for temporary restraining order (Doc. 17). This action is **dismissed with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted. Plaintiff's notice of rogatory appointment and attachments (Docs. 34 and 35) are **stricken** from the record. That purported notice of appointment seeks improper relief, has no basis in law, and has no purpose other than to add confusion. Any motion not previously ruled on is **denied**.

*So ordered by the court on March 3, 2020.*

J. CAMPBELL BARKER
United States District Judge